# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KALKREUTH ROOFING & SHEET METAL, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 20-1017** (BOR Appeal No. 2055393)
                            (Claim No. 2020001703)

**KENNETH BAILEY,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Kalkreuth Roofing & Sheet Metal, Inc. ("Kalkreuth Roofing"), by counsel Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kenneth Bailey, by counsel William C. Gallagher, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected Mr. Bailey's application for benefits on August 26, 2019. On June 10, 2020, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's rejection of the claim and gave directions to rule the claim compensable for the conditions of lumbar sprain/strain and left hip sprain/strain. This appeal arises from the Board of Review's Order dated November 19, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Bailey is employed by Kalkreuth Roofing as a commercial roofer/foreman. As a supervisor, he is provided with a company vehicle which was a 2015 Ford Transit with the vehicle number of "1091." It has large lettering on the sides and smaller lettering on the rear door which says "Kalkreuth Roofing and Sheet Metal, Inc.", along with a phone number and web address. In the early morning hours of July 8, 2019, Mr. Bailey left his home to drive to a work site located at the Bridge Street Middle School in Wheeling, West Virginia. He was driving the transit van when he was allegedly rear ended in a hit and run incident with a pickup truck. Photographs of the accident show significant damage to the rear passenger side of the company's Ford Transit. An Auto Accident Form dated July 8, 2019, completed by Mr. Bailey, indicated there was damage to the van's rear door and left brake light area.

The accident also resulted in an injury to Mr. Bailey, as noted on the Employees' and Physicians' Report of Occupational Injury form dated July 23, 2019. Mr. Bailey identified the body parts injured as "left hip running behind knee." Andrew Schmitt, M.D., his treating physician, described the body parts injured as the lumbar spine, left S1 joint, left hip, and left knee. In his progress notes dated July 23, 2019, Dr. Schmitt reported that he obtained the following history:

"Patient was in a motor vehicle accident on July 8, 2019. Patient states he was driving a work truck when he was slowing down to enter the interstate making her [sic] right hand turn and another vehicle struck the back-left side of the truck. Patient was wearing his seatbelt, no airbags were deployed, no loss of consciousness, but patient did state that he hit his head on the steering wheel. He states that immediately following the accident he did not have much pain but the following day he woke up in severe pain 10/10. He states that his left hip was very stiff and had a difficult time straightening up. Patient states that it took about 2 hours before he was able to stand straight. He localizes the pain to the lateral aspect of the left hip and states that it moved down the lateral side of his thigh and then into the back of his knee."

Dr. Schmitt described the injury as causing low back pain and left hip pain radiating to the left knee, and assessed left lumbar radiculopathy, left hip pain, and motor vehicle accident injuring restrained driver, initial encounter. Dr. Schmitt noted that Mr. Bailey had previous back surgery in June of 2018, where he underwent an L5/S1 laminectomy.[1] Although Dr. Schmitt did not provide diagnosis codes, he opined that Mr. Bailey's condition was the direct result of an occupational injury.

An MRI of the lumber spine conducted on July 26, 2019, showed a left paracentral disc herniation with mass effect on the left S1 nerve root with potential for left S1 radiculopathy. It also showed, at L5-S1, postoperative enhancing granulation tissue within the epidural space but also abutting the left S1 nerve root within its lateral recess and within the left L5 neural foramen surrounding the L5 nerve root and involving the L5 nerve root, suggesting neuritis.

A physical examination by Dr. Schmitt conducted on August 6, 2019, showed continued tenderness to palpation in the left paralumbar region and S1 joint tenderness. Mr. Bailey was referred to Dr. Hargraves for a consultation regarding his low back pain. On August 21, 2019, Mr. Bailey returned to Dr. Schmitt after his evaluation by Dr. Hargraves, and the assessment was low back pain with left lumbar radiculopathy, abnormal MRI, neurosurgery requesting CT scan with/without contrast for further evaluation to try to distinguish between whether this is scar tissue or herniated disc causing impingement on the left S1 nerve root. On September 5, 2019, Dr. Schmitt noted that the request for a CT scan of the lumbar spine was denied. Physical examination on this date showed midline spinous process tenderness of the lumbar spine from L3-L5 and left S1 joint tenderness. Dr. Schmitt assessed: (1) motor vehicle accident injuring restrained driver, subsequent encounter, (2) left lumbar radiculopathy, (3) lumbar stenosis, and (4) herniated nucleus pulposus.

The claims administrator rejected Mr. Bailey's application for benefits on August 26, 2019. After reviewing the application and available medical records, the claims administrator determined that the evidence did not support a finding that he sustained an injury in the course of and resulting from his employment. Mr. Bailey protested the claims administrator's decision.

The impact details of the accident on July 8, 2019, was challenged by Kalkreuth Roofing. Cathy Forsythe, the insurance claims handler for Kalkreuth Roofing, completed an Affidavit dated January 10, 2020, stating that she has personal knowledge of Mr. Bailey's accident. Ms. Forsythe averred that on July 8, 2019, Mr. Bailey was scheduled to work at Bridge Street Middle School beginning at 6:00 a.m. He was not assigned to perform any work-related tasks prior to reporting to the school. Ms. Forsythe described the incident by stating:

---

[1]Mr. Bailey underwent an L5/S1 laminectomy performed by Ronald W. Hargraves, M.D., in June of 2018. Following a post-op recovery program, he was released to return to work without restrictions on August 30, 2018. In his progress note of July 23, 2019, Dr. Schmitt reported that Mr. Bailey returned to work without much pain; however, he stated that his current pain was much different and much more severe since the motor vehicle accident on July 8, 2019.

"Between 8:00 and 8;30 a.m. on July 8, 2019, Mr. Bailey called me and reported that he had been the victim of a hit and run accident at the intersection of Ohio State Route 800 and Interstate 70, while he was preparing to merge onto I-70 East on his way to the Bridge Street Middle School jobsite. Mr. Bailey stated that he was driving the Kalkreuth company vehicle, and that a black pick-up truck with a brush guard had rear ended him, then left the scene without stopping. I asked Mr. Bailey where he was at the time he called me, and he stated that the accident had just occurred, and that he was still at the scene, at the intersection of Ohio State Route 800 and I-70. Mr. Bailey advised that he did not report the hit and run accident to the police."

Mr. Bailey completed a Kalkreuth Auto Accident form on July 8, 2019, stating that the accident occurred at approximately 5:45 a.m., along Ohio State Route 800 to the I-70 East Exit Ramp in Barnesville, Ohio. He described the accident by stating the following:

"I was getting ready to Exit SR 800 North to 70 East in Ohio when I was struck by another vehicle. Truck with brush guard. Black on the rear driver's area. Damaged door, light and some body damage. I pulled off road expecting other person to do the same when I saw them speed off in a hurry. I caught the first part of the license number 'DKV'. There was no injury as far as I am aware of. I assume they didn't have any insurance."

Kalkreuth Roofing argues that there are discrepancies concerning Mr. Bailey's description of the accident. Ms. Forsythe stated that all Kalkreuth Roofing vehicles are equipped with a global positioning system ("GPS"), and that the GPS in Mr. Bailey's vehicle indicated that he left his home at 5:41 a.m., and traveled on Ohio State Route 147 to I-70 East to Wheeling. He arrived at the Bridge Street Middle School jobsite at 6:34 a.m. Ms. Forsythe pointed out that the GPS in the vehicle documents that Mr. Bailey did not travel on Ohio State Route 800, where he reported the accident had occurred. Photos taken of the vehicle on July 9, 2019, showed damage to the left rear of the vehicle, including the window, taillight, and door.

In a Final Decision dated June 10, 2020, the Office of Judges reversed the August 19, 2019, claims administrator's Order denying Mr. Bailey's application for benefits. The Office of Judges reversed with directions to rule the claim compensable and to approve for the conditions of lumbar sprain/strain and left hip sprain/strain. It was concluded that the evidence relied upon by Kalkreuth Roofing does not preponderate over the essential facts of this case showing that Mr. Bailey was on his way to work in a company vehicle, that the rear end of his vehicle was unquestionably damaged, and that there is no reliable evidence that the damage was caused by any collision other than the incident described by Mr. Bailey. The Office of Judges also found that the physical damage photographed appears to be consistent with his description of the accident.

The Office of Judges also determined that Mr. Bailey experienced an isolated fortuitous occurrence in the course of his employment and that he is not precluded by the "going and

coming rule."[2] Because Mr. Bailey is employed as a journeyman roofer/supervisor, he is provided with a company vehicle in order to facilitate the company's business as a roofing and sheet metal contractor, which provides significant incidental benefits to the employer that are not common to ordinary public commuting trips. The Office of Judges reasoned that the preponderance of the evidence demonstrates that Mr. Bailey was within the scope of his employment at the time of the auto accident on July 8, 2019. It was found that Mr. Bailey's claim is compensable under the "payment for expense travel rule", as well as the "employer's conveyance rule."[3] The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated November 19, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The essential evidence of record indicates that Mr. Bailey was on his way to work with a company vehicle when he was involved in a motor vehicle accident, and that the physical damage caused by the collision is consistent with his incident report. The Office of Judges correctly found that the preponderance of the evidence shows that Mr. Bailey suffered a personal injury in the course of and resulting from his accident of July 8, 2019, satisfying the requirements of West Virginia Code § 23-4-1g and *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 191 S.E.2d 497 (1972).

Affirmed.

**ISSUED: March 23, 2022**

---

[2]The Office of Judges determined that the facts of this case demonstrate that Mr. Bailey's claim is not precluded by the "going and coming rule", which traditionally applies where the only evidence linking the employer to the accident is the fact that the employee was coming or going to work. However, as noted by the Office of Judges, various nuances of the rule may serve to alter its application where additional evidence exists linking the employer to the accident. In the current case, the Office of Judges concluded that Mr. Bailey's claim is not precluded by the "going and coming rule" because, as a journeyman, he is provided with a company vehicle by Kalkreuth Roofing in order to facilitate its business as a roofing and sheet metal contractor, and the company receives certain incidental benefits of advertising which are not common to ordinary commuters. The Office of Judges ultimately determined that Mr. Bailey was within the scope of his employment at the time of the auto accident on July 8, 2019.

[3] While there is a discrepancy in that Mr. Bailey reported that he entered I-70 at the Ohio Route 800 entrance ramp (Exit 208), the Office of Judges concluded that the route taken as indicated by the GPS does not constitute a major deviation in the course of his travel to Wheeling. It was also found that Kalkreuth Roofing provided Mr. Bailey with an automobile because his employment required him to travel considerable distances for work. Therefore, his employment was deemed to include travel, which is a substantial part of the services Mr. Bailey performed for Kalkreuth Roofing.

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment